IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM WEBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No.: 4:24-CV-01196 |
| WALMART, INC. D/B/A | ) | |
| WALMART DISTRIBUTION | ) | |
| CENTER, #6069 | ) | |
| Serve: CT Corporation System, | ) | |
| 120 S. Central Ave., | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Adam Weber, by and through undersigned counsel, and for his causes of action against Defendant, Walmart, Inc. d/b/a Walmart Distribution Center, #6069, and states to the Court as follows:

## STATEMENT OF THE CASE

1. This claim is brought against Defendant Walmart and alleges violation of the Family Medical Leave Act ("FMLA").

2. Plaintiff seeks compensatory damages, liquidated damages, lost wages, prejudgment interest, post-judgment interest, attorneys' fees and costs, and any other remedy this Court determines to be fair, proper, and equitable.

## PARTIES

3. That Plaintiff, Adam Weber ("Plaintiff"), is and at all times mentioned herein was, a citizen of the State of Missouri, and present and residing in Phelps County, Missouri.

1

4.      That at the time of the acts complained of herein and at all times herein mentioned, Defendant Walmart, Inc. d/b/a Walmart Distribution Center, #6069 ("Walmart"), was registered with the State of Missouri as a foreign business and doing business at 1100 Matlock Drive, St. James, MO 65559 with its registered agent for service of process being CT Corporation System, 120 S. Central Ave, Clayton, MO 63105.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to FMLA, 29 U.S.C. §2601, *et seq.*, specifically 29 U.S.C. §2617(a)(2), and the Equal Protection Clause of the 14th Amendment to the United States Constitution.  This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, as this cause of action arises under statute of the United States.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events, occurrences, and omissions that give rise to this cause of action occurred in this judicial district, and pursuant to 28 U.S.C. § 1391 (b)(1) and (c)(1) because Defendant Walmart operates and conducts business in St. James, Missouri, and therefore is subject to personal jurisdiction within this judicial district.

## FACTS COMMON TO ALL COUNTS

7.      Plaintiff restates and incorporates paragraphs 1 through 6 as if fully set forth herein.

8.      That Defendant Walmart is an employer as defined under the FMLA, 29 U.S.C. §2601 *et seq* and 29 U.S.C. §2611(4)(A), in that Defendant Walmart is a private employer, engaged in commerce, and employs fifty (50) or more employees.

9. That at all relevant times hereto, Plaintiff was employed by and an employee of Defendant Walmart.

10. Upon hire, a condition of Plaintiff's employment was that he would work the 4:30 a.m. to 4:30 p.m. shift.

11. Prior to August 26, 2022, Plaintiff's regularly scheduled shift was 4:30 a.m. to 4:30 p.m.

12. Defendant approved Plaintiff for a medical leave of absence beginning on or about August 26, 2022, and lasting until October 31, 2022.

13. Defendant Walmart guaranteed Plaintiff job protected FMLA leave from August 26, 2022, through October 31, 2022.

14. On or about October 31, 2022, Plaintiff contacted Defendant Walmart to inform his employer that he had COVID-19 symptoms, including a fever, and Plaintiff subsequently tested positive for COVID-19 on or about November 3, 2022, requiring isolation per the Centers for Disease Control and Prevention ("CDC") guidelines.

15. On or about November 15, 2022, Plaintiff returned back to work for Defendant Walmart.

16. Upon returning to work, Defendant Walmart informed Plaintiff that he would no longer be able to work the 4:30 a.m. to 4:30 p.m. shift.

17. Defendant Walmart informed Plaintiff that his new working hours would be 2:30 p.m. to 3:00 a.m. during weekdays, or 6:30 a.m. to 6:00 p.m. on Saturday, Sunday, and Monday.

18. Prior to his FMLA medical leave, a term and/or condition of Plaintiff's employment was that his working hours would remain 4:30 a.m. to 4:30 p.m. and Plaintiff was never requested to work evening / overnight shifts prior to said leave.

19. Plaintiff informed Defendant Walmart, as he had at the time of hire, that he was unable to work the newly required shift hours.

20. On or about November 17, 2022, Plaintiff was terminated from his position by Defendant Walmart due to his inability to work the new shift required by Defendant Walmart.

## **COUNT I – VIOLATION OF FMLA, 29 U.S.C. §2601** *et seq.*

21. Plaintiff restates and incorporates paragraphs 1 through 20 as if fully set forth herein.

22. At all times relevant hereto, Plaintiff was an employee of Defendant Walmart.

23. Defendant Walmart is a covered employer under FMLA, 29 U.S.C. §2601 *et seq*.

24. Plaintiff suffered from a medical condition which required care by medical providers during the tenure of his employment with Defendant Walmart.

25. Defendant Walmart was aware of Plaintiff's medical condition and approved Plaintiff's medical leave.

26. Prior to his leave, Plaintiff was employed by and worked for Defendant Walmart for at least 12 months.

27. Plaintiff was employed by Defendant Walmart and worked more than 1250 hours in the 12 months prior to his request for FMLA leave that resulted in his termination.

28. Plaintiff worked for Defendant Walmart at a location where 50 or more employees of Defendant Walmart worked within 75 miles.

29. As a result of his medical condition, Plaintiff was required to and did take leave pursuant to 29 U.S.C. § 2601, et seq., and 29 U.S.C. § 2612(a) and 29 C.F.R. § 825.113 and/or 825.115.

30. Under the FMLA, Plaintiff was entitled to take leave for treatment of his serious health condition.

31. In the 12 months preceding his termination, Plaintiff did not exceed 12 work weeks of FMLA leave.

32. An eligible employee who takes FMLA leave is protected from retaliation or other harassing or discriminatory treatment for his decision to exercise the rights guaranteed to him under FLMA.

33. The FMLA makes it unlawful for any employer to fail or refuse to return an employee to his original job, or an equivalent job (one being virtually identical in terms of pay, benefits, and other employment terms and conditions), upon cessation of his protected leave.

34. Defendant Walmart, in violation of the FMLA, failed to return plaintiff to his original job with the same or similar conditions of employment, or an equivalent job with the same or similar conditions of employment, upon cessation of Plaintiff's FMLA leave.

35. Plaintiff's employment was terminated as a consequence of his exercise of his rights under the FMLA.

36. Defendant Walmart lacked good faith in its treatment of Plaintiff for exercising his rights under the FMLA.

37. Defendant Walmart was required to return Plaintiff to his former position, or an equivalent position, was not entitled to change Plaintiff's shift, and was not permitted to terminate or otherwise retaliate against Plaintiff for having exercised his FMLA rights.

38. Defendant Walmart deprived, interfered with, restrained, and/or denied Plaintiff of his rights under the FMLA, and/or Defendant Walmart retaliated against Plaintiff, by

5

amending a term/condition of his employment upon his return, and terminating him in response to his use of and/or request for FMLA leave.

39. Plaintiff's termination under the circumstances as more fully described above was prohibited by the FMLA.

40. Defendant Walmart's actions against and treatment of Plaintiff were those which a reasonable employee would have found materially adverse.

41. Defendant Walmart's decision to terminate Plaintiff was motivated by Plaintiff exercising his rights and taking FMLA leave, as aforesaid.

42. A causal connection exists between Plaintiff's protected FMLA activity and the adverse employment actions taken by Defendant Walmart against Plaintiff.

43. Defendant Walmart's conduct was intentional, willful, malicious, and outrageous because it had an evil purpose and showed conscious disregard for, and reckless indifference to, the rights of Plaintiff.

44. As a result of Defendant Walmart's actions, Plaintiff has incurred attorney's fees and costs of litigation, and will continue to incur such fees and costs in the future.

WHEREFORE Plaintiff, Adam Weber, prays the Court enter judgment in his favor and against Defendant Walmart, Inc. d/b/a Walmart Distribution Center, #6069, in an amount in excess of $25,000.00, for his reasonable attorneys' fees and costs expended herein; and for such other and further relief as the Court deems just and proper on the premises.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all counts of his Complaint.

Respectfully Submitted,

Roberts, Wooten & Zimmer, LLC
Attorneys At Law
10438 Business 21
PO Box 888
Hillsboro, MO 63050
(636) 797-2693 / (636) 789-4205 (fax)

By: _____/s/ Jonathan W. Doss, #70033MO_____
      Charles R. Wooten, #51250MO
      CharlesWooten@RWZLaw.com
      Jonathan W. Doss, #70033MO
      JonathanDoss@RWZLaw.com